# UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| COREY MANUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 6335 |
| v. ) | Honorable |
| ) | Ronald A. Guzman |
| SGT. LYLES, SGT. SMITH, ) | |
| TOM DART, et al ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS LYLES, SMITH, MCGUIRE AND SALAZARS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Sgt. Lyles, Sgt. Smith, Capt. McGuire, and Superintendent Salazar of the Cook County Department of Corrections, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss Plaintiff's Complaint. In support of this motion defendants state the following:

### INTRODUCTION

Plaintiff, a pretrial detainee at the Cook County Jail, sues Tom Dart, the Sheriff of Cook County[1] and defendants, all of whom are officers of rank at the Cook County Department of Corrections (CCDOC), pursuant to 42 U.S.C. § 1983. (Complaint, p. 1) Plaintiff alleges that he was grabbed, kicked and attacked by several identified and unidentified correctional officers on August

---

[1] Sheriff Dart has previously filed a Rule 12 (b) (6) motion to dismiss which is pending before this court.

31, 2007 in Division 1 of the jail. (Complaint, pp. 6-7) Plaintiff does not identify Sgt. Lyles, Sgt. Smith, Captain McGuire or Supt. Salazar as having had any role in the alleged beating. (Complaint, pp. 6-8) Plaintiff claims to have "blanked out" during the alleged beating and was handcuffed when he regained consciousness. (Complaint, p.7) He states that defendants Sgt. Smith and Captain McGuire arrived *after* the altercation and took him to the jail dispensary for medical care. (*Id.*) Plaintiff further alleges that defendant Supt. Salazar told Smith and McGuire not to take Plaintiff from the medical dispensary to a hospital, but to take him "to the hole." (*Id.*)Plaintiff does not allege that he was in need of further medical care at a hospital. (*Id.*) Plaintiff claims he suffered "mental anger" and "family stress" as a result of the incident. (Complaint, p. 8)

Defendants move to dismiss the Complaint because Plaintiff has failed to allege that defendants were personally involved in violating his civil rights, and has thus failed to state a cause of action under Section 1983.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b) (6) authorizes dismissal of complaints that do not state an actionable claim. The Seventh Circuit reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *McCormick v. City of Chicago, et al.*, 230 F. 3d 319, 323 (7th Cir. 2000), *citing Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit,* 507 U.S. 163, 164 (1993). Complaints filed *pro se* are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim…" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988).

### ARGUMENT

### PLAINTIFF HAS NOT ALLEGED A CAUSE OF ACTION AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Plaintiff fails to allege any personal involvement by any of the defendants in his Complaint. Although he mentions defendants Smith, McGuire and Salazar in the complaint,, he does not allege that any of them were involved personally in the alleged beating he suffered at the hands of correctional officers at CCDOC. He has not alleged a cause of action for a which relief may be granted under Section 1983; therefore, the Complaint should be dismissed.

To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged

3

constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action of his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) Plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377, (1976).

Because the doctrine of *respondeat superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

There are no allegations that any of the defendants participated directly in the alleged beating in the jail. Plaintiff alleges that Smith and McGuire arrived after the beating and took him to the dispensary, apparently for medical care. Plaintiff does not make a Section 1983 claim for failure to intervene during the alleged beating. In fact, he does not allege that any of

4

them was present during the alleged beating. Except in the case caption, Plaintiff does not even mention Sgt. Lyles in the Complaint.

Plaintiff is attempting to hold defendants individually liable in this case based solely on the alleged acts of other CCDOC employees. There are no allegations that defendants acted, or failed to act, with reckless disregard for the Plaintiff's constitutional rights. Furthermore, there is no allegation in Plaintiff's complaint that defendants directed or consented to the alleged violations. Because Plaintiff fails to state a cause of action against defendants for a violation of his civil rights, the Complaint should be dismissed.

## **CONCLUSION**

WHEREFORE, for all of the reasons stated above, the Complaint should be dismissed against defendants Sgt. Lyles, Sgt. Smith, Captain McGuire and Superintendent Salazar.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: *s/Daniel J. Fahlgren*
Daniel J. Fahlgren
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3304
6201163