## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6335 | **DATE** | 1/16/08 |
| **CASE TITLE** | Corey Manuel (#2007-0014551) v. Sergeant Lyles, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [19] is denied without prejudice.

■ [For further details see text below.]            Docketing to mail notices.

### STATEMENT

     Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

     After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    In addition, defendants have filed a motion to dismiss. On a motion to dismiss the court must accept all of plaintiff's allegations of fact as true. Consequently, plaintiff's only obligation is to clearly explain to the court the basis for his complaint and to provide the court with all the material facts in support of his claim. He must make sure to show how each defendant he names is involved in the incident underlying his claim. Plaintiff, if he is able, may respond to defendants' motion with legal arguments and case citations. Such arguments, however, are not absolutely necessary in this case because the court, under *Haines v. Kerner*, 404 U.S. 519 (1972), has a duty to construe *pro se* pleadings liberally. In other words, the court cannot penalize plaintiff for his lack of legal knowledge. If plaintiff makes the nature of his claim clear to the court and provides the relevant facts, the court will apply the law. A review of the quality of plaintiff's pleadings to date show that plaintiff is capable of intelligently articulating his claims. Accordingly, concluding that due process does not require appointment of counsel for plaintiff at this time, the court denies plaintiff's motion without prejudice.