98

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **COREY MANUEL,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07 C 6335** |
| **SERGEANT LYLES, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Corey Manuel, an inmate at Cook County Correctional Center ("Cook County Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials at the Cook County Jail, physically assaulted Plaintiff and refused to take him to the hospital for injuries stemming from the assault. Presently before the Court are Defendants' motions to dismiss. For the following reasons, the motions are granted in part and denied in part.

A reading of the complaint supports the following summary of the alleged operative conduct of the parties.

On August 31, 2007, Plaintiff, along with other inmates, went to the clothing room to receive new clothing. Officer Carter informed the inmates to take off the clothing that they wanted to change. Plaintiff removed his shirt and asked for a new shirt. A correctional officer started to give Plaintiff a new shirt but Officer Carter told the other correctional officer to give the shirt to Officer Carter. The shirt was given to Officer Carter and he gave the shirt to a different inmate. After Plaintiff stated that he wanted that shirt, Officer Carter asked Plaintiff "Who the fuck is you talking

to, motherfucker?" Officer Carter then jumped over the counter and pushed Plaintiff. Plaintiff told Officer Carter not to put his hands on Plaintiff, and Officer Carter continued to push Plaintiff until Plaintiff was in the corner of the room. Officer Carter told Plaintiff to stay in the corner.

Plaintiff attempted to leave the clothing room but several correctional officers came into the room and would not let Plaintiff leave. Officer Carter ordered all other inmates to leave. Most of the occupants then left the room. Officer Carter ordered his "workers" to get everyone else out of the room. After Officer Carter's "workers" removed the other inmates, Plaintiff was in the room with Officer Carter and other correctional officers.

The correctional officers put on gloves and Officer Carter told Plaintiff to remove his pants. Officer Carter and Plaintiff engaged in an argument about Plaintiff's new clothes. Officer Carter told Plaintiff to get out of the room. As Plaintiff went to leave the room, Plaintiff grabbed his old clothes. Officer Stengal grabbed Plaintiff, who told Officer Stengal to let him go. After Officer Stengal released Plaintiff, Plaintiff attempted to leave the room; however, Officer Carter kicked Plaintiff from behind. Other correctional officers then joined in, attacking Plaintiff until he lost consciousness.

When Plaintiff regained consciousness, he was handcuffed. Sergeant Smith and Captain McGuire were in the room with Plaintiff and asked Plaintiff what had happened. Plaintiff could not describe what happened because he was "hurt." Sergeant Smith and Captain McGuire took Plaintiff to the dispensary, where Plaintiff was told he would be "O.K." Plaintiff stated that he need to go to the hospital but Superintendent Salazar and the Chief of the Division told the dispensary personnel not to take the Plaintiff anywhere except "the hole" (i.e., segregation). Plaintiff and some other inmates were then taken to "the hole."

Plaintiff seeks damages for the way he was treated, the assault, the lack of medical treatment, "mental anger" and "family stress."

Defendants have moved to dismiss the complaint for failure to state a claim for which can be granted. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A complaint can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. ___, ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all

facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

Thomas Dart, Sheriff of Cook County, moves to dismiss the claims against him in their entirety. Other than including Sheriff Dart in the caption of his complaint, Plaintiff makes no allegations against Sheriff Dart in the complaint. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion* County, 327 F.3d 588594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. Thus, because Plaintiff's complaint asserts

no claims against Sheriff Dart, he must be dismissed as a Defendant. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Accordingly, Sheriff Dart's motion to dismiss granted.

The remaining Defendants, Sergeant Lyles, Sergeant Smith, Sergeant McGuire, and Superintendent Salazar also seek dismissal of Plaintiff's claims for failure to state a claim for which relief can be granted.

As with Sheriff Dart, other than naming Sergeant Lyles in the caption of the complaint, Plaintiff makes no allegations against Sergeant Lyles in the complaint. Accordingly, Plaintiff's complaint asserts no claims against Sergeant Lyles, and he must be dismissed as a Defendant.

With respect to his excessive force claim, Plaintiff does not allege that Sergeant Smith, Captain McGuire, or Superintendent Salazar were present when Plaintiff was physically assaulted. Thus, there are no allegations of personal involvement by Sergeant Smith, Captain McGuire, or Superintendent Salazar concerning Plaintiff's claims of being physically assaulted. Accordingly, they are dismissed from Plaintiff's physical assault claim.

Plaintiff does include allegations as to Sergeant Smith, Captain McGuire, and Superintendent Salazar concerning the alleged denial of medical treatment following the physical assault. While not titled as such, Plaintiff appears to be bringing a claim of deliberate indifference to his serious medical needs.

A claim for deliberate indifference to a serious medical need requires that the defendant was actually aware of a serious medical risk but failed to take any action. See *Estelle v. Gamble*, 429

U.S. 97, 104 (1976); *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004). The claim includes both an objective and subjective component. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective component requires the prisoner demonstrate that his medical condition was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *Greeno*, 414 F.3d at 653. A serious medical condition includes one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a physician's attention. *Greeno*, 414 F.3d at 653. To satisfy the subjective prong, a plaintiff must allege that the defendant was aware of and consciously disregarded the inmate's medical needs. *See Farmer*, 511 U.S. at 837; *see also Greeno*, 414 F.3d at 653. The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno*, 414 F.3d at 654 (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

Plaintiff alleges that the physical assault resulted in him losing consciousness. This allegation sufficiently describes an arguably serious medical condition. Thus, Plaintiff has sufficiently pled the objective component of a deliberate indifference to medical needs claim.

Plaintiff has also sufficiently pled the subjective component. Plaintiff alleged that Sergeant Smith and Captain McGuire took Plaintiff to the dispensary upon his complaint that he was hurt, demonstrating that Sergeant Smith and Captain McGuire provided for Plaintiff to receive some type of medical treatment. However, Plaintiff further pled that he disagreed with the diagnosis that he was "O.K." and he stated that he needed to go to hospital. Plaintiff's request was denied by Superintendent Salazar, who had Plaintiff placed in "the hole" instead of the hospital. While it is

not clear that Sergeant Smith and Captain McGuire were present when Superintendent Salazar refused to allow Plaintiff to go the hospital, viewing Plaintiff's allegations – as well as the inferences reasonably drawn therefrom – in the light most favorable to Plaintiff, he has sufficiently pled a claim of deliberate indifference to his medical needs against Sergeant Smith, Captain McGuire, and Superintendent Salazar. *See Greeno*, 414 F.3d at 654; *Reed*, 178 F.3d at 854.

IT IS THEREFORE ORDERED that Defendant Sheriff Dart's motion to dismiss is granted. Sheriff Dart is terminated as a defendant pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER ORDERED that the Defendants Sergeant Lyles', Sergeant Smith's, Captain McGuire's, and Superintendent Salazar's motion to dismiss is granted in part and denied in part. Defendant Sergeant Lyles is terminated as a defendant pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Sergeant Smith, Captain McGuire, and Superintendent Salazar are dismissed from Plaintiff's physical assault claim. Plaintiff may proceed on his medical claim against Defendants Sergeant Smith, Captain McGuire, and Superintendent Salazar.

Enter: Ronald A. Guzman
Ronald A. Guzman
United States District Judge

Date: 6/30/08